IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION,<br>　　　　　Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | Civil No. 5:22-cv-02431-JMG |
| GLENN MCGOGNEY, *et al.*,<br>　　　　　Defendants. | : <br> : <br> : | |

### MEMORANDUM OPINION

**GALLAGHER, J.**                                                                                                       August 29, 2023

    Plaintiff Westport Insurance Corporation filed a Complaint seeking, in sum, declaratory relief in the form of a determination it does not have an obligation to provide insurance coverage with respect to two judgments entered in favor of Defendant and Counterclaimant John Sibley and against Defendants Gerald Barr and Glenn McGogney.  In Sibley's Answer to Westport's Complaint, Sibley brings counterclaims of negligence and bad faith.  Sibley alleges Westport acted negligently and/or in bad faith by failing to perform its duties under the insurance policies to its insureds, Barr and McGogney, as well as to Sibley as an intended or incidental third-party beneficiary of the policies.  Westport moves to dismiss Sibley's counterclaims because, it contends, Sibley lacks standing to sue Westport under the insurance policies, and Sibley's claims are barred by both the gist of the action doctrine and the economic loss doctrine.

    For the following reasons, Westport's Motion to Dismiss is granted.  Accordingly, Sibley's counterclaims of negligence and bad faith are dismissed without prejudice.

1. **FACTUAL BACKGROUND**

    On June 21, 2022, Plaintiff Westport Insurance Corporation filed a Complaint seeking declaratory relief.  *See generally* Compl., ECF No. 1.  Westport "seeks a determination that it does

not have an obligation to provide insurance coverage with respect to two judgments entered in favor of [Defendant and Counterclaimant] John Sibley and against [Defendants Gerald] Barr and [Glenn] McGogney under two Lawyers Professional Liability insurance policies provided to [Barr & McGogney,]" an alleged partnership between Defendants Barr and McGogney.  ECF No. 1 ¶1. Westport also seeks a declaratory judgment "it owes no duty to defend Barr under a third Lawyers Professional Liability insurance policy provided solely to Barr."[1]

In Sibley's Answer to Westport's Complaint, Sibley brings counterclaims of negligence and bad faith because, Sibley alleges, "Sibley was an intended third-party beneficiary of Defendant Barr and McGogney's insurance policy issued by Plaintiff Westport."  Def.'s Answer to Compl., ECF No. 15 ¶156.  More specifically, Sibley alleges Westport acted negligently and/or in bad faith by failing to defend and/or indemnify McGogney in an underlying Lehigh County Lawsuit, failing to investigate Sibley's lawsuit against McGogney, and improperly providing a dishonest defense in the underlying Buck's County lawsuit.  *See id.* at 40-47.  Both underlying lawsuits concern legal malpractice claims brought by Sibley against Barr and McGogney, and Sibley now alleges Westport had a duty to defend and indemnify its insureds in these lawsuits pursuant to the Policies.  *See id.* at 41-42.

On October 14, 2022, Westport moved to dismiss Sibley's counterclaims under Federal Rule of Civil Procedure 12(b)(6).  *See generally* Pl.'s Mot. to Dismiss Def.'s Countercls., ECF No. 21. First, Westport contends Sibley does not have standing to sue because under Pennsylvania law, "an injured party has no right to directly sue the insurer of an alleged tortfeasor unless a provision of the policy or a statute creates that right."  ECF No. 21-4 at 5 (quoting *Apaluucci v.*

---

[1] *Id.*  The Court, like the Parties in their briefing, refers to the Lawyers Professional Liability insurance policies at issue in this case interchangeably as "the Policies."

*Agora Syndicate, Inc.*, 145 F.3d 630, 632 (3d Cir. 1998).  And Westport further avers Sibley has not sufficiently alleged nor otherwise pointed to facts suggesting he is a third-party beneficiary under the Policies.  *See id.* at 2.  Next, Westport alleges, even assuming Sibley has standing, Sibley's negligence claims are barred by the gist of action doctrine, which precludes plaintiffs from recasting ordinary contracts claim into tort claims.  *Id.* at 7-8.  Westport also contends the economic loss doctrine bars Sibley's negligence claims because Sibley solely seeks economic damages—not damages involving physical injury nor property damage.  *Id.* at 8.  And lastly, Westport avers Sibley's negligence claim concerning the underlying Buck's County lawsuit fails to properly state a claim.  *Id.*

In response, Sibley contends he has standing to bring suit as an intended or incidental beneficiary of the Polices, and thus "Westport . . . owed [Sibley] a duty of good faith and fair dealing."  Def.'s Resp. to Pl.'s Mot. to Dismiss, ECF No. 22 at 2.  Sibley further avers he is a beneficiary to the Policies because Westport was aware Sibley filed malpractice lawsuits against Westport's insured, Glenn McGogney, in Lehigh County as well as Bucks County.  *Id.* at 2.  And, Sibley contends, Westport then "intentionally failed to defend" McGogney in the lawsuits—even though Westport provided attorneys in defense of Barr.  *Id.* at 3.  Sibley also alleges Westport acted in bad faith by denying the existence of a Barr & McGogney partnership throughout litigation of the underlying lawsuits.  *Id.*

Sibley also disputes Westport's contentions the gist of the action doctrine and economic loss doctrine bar Sibley's counterclaims.  Concerning Westport's averment the gist of the action doctrine bars Sibley's negligence-based claims, Sibley contends his status as an intended or incidental beneficiary of the Policies prevents exclusion under the gist of the action doctrine.  *See id.* at 3-4.  And Sibley also submits his "clams are not barred [under the economic loss doctrine]

3

because Sibley did suffer property damage as a result of Defendant . . . because Sibley lost his house to foreclosure due to McGogney's malpractice." *Id.* at 4.  Thus Sibley avers dismissal of his negligence and bad faith claims is not warranted.

## 2. LEGAL STANDARDS

Westport in this case moves to dismiss Sibley's counterclaims for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "Courts evaluate a motion to dismiss a counterclaim under the same standard as a motion to dismiss a complaint." *Mr. Sandless Franchise, LLC v. Karen Cesaroni LLC*, 498 F. Supp. 3d 725, 732 (E.D. Pa. 2020) (citing *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when [a party] pleads factual content that allows the court to draw the reasonable inference that [a party] is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a [party] has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  In other words, "there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008).

Federal courts within the Third Circuit deploy a three-step analysis when faced with motions to dismiss.  First, the Court identifies "the elements [the party] must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675).  Next, the Court identifies

"allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, the Court assumes the veracity of well-pleaded factual allegations, "and then determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).  For purposes of this analysis, the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the [counterclaim] plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

3. **DISCUSSION**

In sum, Sibley brings counterclaims against Westport of negligence and bad faith in failing to defend and indemnify McGogney in the underlying Lehigh County Lawsuit, failing to investigate Sibley's lawsuit against McGogney, and improperly providing a dishonest defense in the underlying litigation.  *See* ECF No. 15 at 40-47.  Sibley bases his negligence and bad faith claims on Westport's duties to him as an alleged intended and/or incidental beneficiary of Westport's Policies with McGogney and Barr.  *Id.* ¶¶ 156-57.

Westport asserts Sibley does not have standing to sue because under Pennsylvania law, "an injured party has no right to directly sue the insurer of an alleged tortfeasor unless a provision of the policy or a statute creates that right." ECF No. 21-4 at 5 (quoting *Apaluucci v. Agora Syndicate, Inc.*, 145 F.3d 630, 632 (3d Cir. 1998)).  Westport also contends that, even if Sibley has standing to sue Westport as an intended or incidental beneficiary of the Policies, Sibley's tort claims of negligence and bad faith are barred by the gist of action doctrine, and Sibley's negligence claims are also barred by the economic loss doctrine.  *See id.* at 7-8. The Court finds Westport's averments persuasive.  Even assuming Sibley is an intended or incidental beneficiary to the Policies, Sibley's tort claims are barred under the gist of the action doctrine and the economic loss doctrine.

First, the gist of the action doctrine is "designed to maintain the conceptual distinction between breach of contract claims and tort claims by precluding plaintiffs from recasting ordinary breach of contract claims into tort claims." *Simon v. First Liberty Ins. Corp.*, 225 F. Supp. 3d 319, 324 (E.D. Pa. 2016) (quoting *Williams v. Hilton Grp. PLC*, 93 Fed.Appx. 384, 386 (3d Cir. 2004)). "The gist of the action doctrine acts to foreclose tort claims: 1) arising solely from the contractual relationship between the parties; 2) when the alleged duties breached were grounded in the contract itself; 3) where any liability stems from the contract; and 4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim." *Reardon v. Allegheny Coll.*, 926 A.2d 477, 486 (Pa. Super. Ct. 2007) (citing *Hart v. Arnold*, 884 A.2d 316, 340 (Pa. Super. Ct. 2005)). Like the claims brought by Sibley in this case, federal courts applying Pennsylvania law have found the gist of the action doctrine bars negligence claims based on a contract the plaintiff was not a party to, *see Odgers v. Progressive N. Ins. Co.*, No. 3:15-CV-329, 2023 WL 4091261, at *1 (M.D. Pa. June 20, 2023), as well as bad faith claims, *see Reginella Const. Co. v. Travelers Cas. & Sur. Co. of Am.*, 949 F. Supp. 2d 599, 615-16 (W.D. Pa. 2013). And the U.S. Court of Appeals for the Third Circuit has found "district courts [are permitted] to apply the doctrine at the pleading stage to dismiss what are in reality contract claims, with prejudice." *Reginella Const. Co. v. Travelers Cas & Sur. Co. of Am.*, 971 F. Supp. 2d 470, 475 (W.D. Pa. 2013) (collecting cases), *aff'd sub nom. Reginella Const. Co. v. Travelers Cas. & Sur. Co. of Am.*, 568 F. App'x 174 (3d Cir. 2014).

So, "[t]o evaluate whether the gist of the action doctrine applies, a court must identify the duty breached, because 'the nature of the duty alleged to have been breached . . . [is] the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract.'" *Simon*, 225 F. Supp. 3d at 325 (quoting *Downs v. Andrews*, 639 Fed.Appx. 816, 819

6

(3d Cir. 2016) (internal citation omitted)). The Pennsylvania Supreme Court's findings in *Bruno v. Erie Insurance Company*, 106 A.3d 48, 68 (Pa. 2014) are also instructive concerning application of the gist of the action doctrine. In *Bruno*, the Pennsylvania Supreme Court found:

> If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

106 A.3d at 68 (internal citations omitted).

In this case, Westport contends "Sibley['s] alleg[ations] that Westport failed to defend and indemnify McGogney in [the] Lehigh County [l]awsuit" and "that Westport failed to properly investigate the lawsuit against McGogney" are "contractual claims premised upon duties owed, if at all, under the terms of the insurance contracts between Westport and Barr & McGogney." ECF No. 21-4 at 7 (citing *Simon*, 225 F.Supp.3d at 325). The Court agrees.

Here, Sibley's negligence and bad faith claims are based solely on Westport's alleged failure to perform in accordance with the Policies. Sibley alleges Westport failed to: defend and/or indemnify McGogney in a malpractice lawsuit brought by Sibley; indemnify its insureds for judgments against Barr and McGogney; investigate Sibley's malpractice claims against its insureds; and present truthful defenses throughout its representation of Barr in the Bucks County lawsuit. *See generally* ECF No. 15. So, like the plaintiffs' claims in *Simon v. First Liberty Insurance Corporation*, "[e]ach of the[] allegations involves an obligation that Defendant would not be bound to aside from the insurance agreement." 225 F. Supp. 3d at 325. In *Simon*, the district court found the insurance policy at issue included the insurer's implied policy "it would exercise reasonable care in investigating a claim by [the insured]." *Id.* citing (*Diamon v. Penn*

7

*Mut. Fire Ins. Co.*, 372 A.2d 1218, 1226 (Pa. Super. Ct. 1977)).  And, the district court provided, "[p]laintiffs [in *Simon*] do not point to a broader social duty existing outside of the contract."  *Id.*  The district court thus found the gist of the action doctrine barred plaintiffs' negligence claim.  *Id.* (collecting cases).

Like plaintiffs in *Simon*, the gist of the action doctrine bars Sibley's counterclaims of negligence and bad faith in this action.  Sibley's allegations all assume a contractual relation between the Parties, and allege Westport failed to act reasonably in performing its contractual obligations, such as defending and indemnifying Barr and/or McGogney under the Policies.  Notably, in direct response to Westport's averment Sibley's claims are barred by the gist of the action doctrine, Sibley solely refers to Westport's alleged duties to Sibley as an intended and/or incidental beneficiary of the Policies at issue.  ECF No. 22 at 3-4 ("As stated herein above[,] Sibley has standing as an 'intended' or 'incidental' beneficiary and therefore Sibley denies that his claim against Westport is barred by the gist of the action doctrine.").  So Westport's duties to Sibley and alleged failures to act accordingly are grounded in the contract (here, the Policies) and not greater social duties external to the contract.  *See Bruno*, 106 A.3d at 68 (internal citations omitted).  Moreover, federal courts applying Pennsylvania law have found the gist of the action doctrine bars negligence claims brought by a plaintiff who was not a party to the contract, *see Odgers*, 2023 WL 4091261, at *1, and bad faith claims, *see Reginella*, 949 F. Supp. 2d at 615-16.  Accordingly, Sibley's negligence and bad faith claims premised on Westport's duties to the Parties under the Policies at issue are barred by the gist of the action doctrine.

Secondly, Sibley's negligence claims are also barred by the economic loss doctrine.  "The economic loss doctrine provides that 'no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage.'"  *Simon*, 225 F. Supp.

8

3d at 326 (quoting *Excavation Techs., Inc. v. Columbia Gas Co. of Pa.*, 985 A.2d 840, 841 n.3 (Pa. 2009) (internal quotation omitted)). "The doctrine 'prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract.'" *Id.* (quoting *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002) (internal quotation omitted)). And "[l]ike the gist of the action doctrine, the economic loss doctrine is 'designed to . . . establish clear boundaries between tort and contract law.'" *Id.* (quoting *Werwinski*, 286 F.3d at 680).

Here, Sibley seeks money damages to cover Sibley's judgments in the two underlying lawsuits at issue. *See* ECF No. 15 at 44, 47. Sibley also seeks damages of attorney's fees, a "prohibiti[on] [on] Westport from reducing their insurance obligation under the limit of liability clause of their policy[,]" and any additional relief imposed by the Court. ECF No. 15 at 47. In his Answer, Sibley's counterclaims do not seek any damages related to physical injuries nor property damage. *See generally* ECF No. 15. Nevertheless, in his Response in Opposition to Defendant's Motion to Dismiss, Sibley submits the economic loss doctrine does not bar his claims due to the "property damage" Sibley faced "because [he] lost his house to foreclosure due to McGogney's malpractice." ECF No. 22 at 4. Sibley's averment is unpersuasive and unrelated to his current negligence and bad faith counterclaims against Westport. In sum, Sibley seeks money damages he alleges he is owed due to his status as an intended or incidental beneficiary under the Policies, as well as attorney's fees. Thus Sibley alleges negligence claims "result[ing] solely in economic damages unaccompanied by physical injury or property damage." *Simon*, 225 F. Supp. 3d at 326 (internal quotation omitted). The economic loss doctrine also bars Sibley's negligence claims.

Because the gist of the action and economic loss doctrines bar Sibley's negligence and bad faith claims against Westport, Westport's Motion to Dismiss Sibley's counterclaims (ECF No. 21) is granted. Sibley's counterclaims of negligence and bad faith are dismissed without prejudice.

9

4. **CONCLUSION**

For the foregoing reasons, Westport's Motion to Dismiss (ECF No. 21) is granted. Sibley's counterclaims of negligence and bad faith are dismissed without prejudice. Sibley may file amended counterclaims within fourteen (14) days of the date of the Court's accompanying Order. If Sibley fails to timely file amended counterclaims, Sibley's counterclaims of negligence and bad faith will be dismissed with prejudice.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge